IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re Motion to Quash:<br><br>Comstock Valuation Advisors, Inc.<br><br>v.<br><br>GunBroker.com LLC | Case No. _____ |

**THIRD-PARTY, COMSTOCK VALUATION ADVISORS, INC.'S
MOTION TO QUASH PLAINTIFF'S 30(B)(6) DEPOSITION SUBPOENA**

Third-Party, Comstock Valuation Advisors, Inc. ("Comstock"), by and through its attorneys, Jason B. Hirsh and Erin M. Mayer of Levenfeld Pearlstein, LLC, and pursuant to Federal Rules of Civil Procedure 26(c) and 45(c)(3)(A), hereby respectfully moves this Court to quash a 30(b)(6) deposition subpoena and for a protective order for the reasons set forth below.

**INTRODUCTION**

The Rule 30(b)(6) deposition subpoena emailed to a Comstock representative on the evening of May 4, 2022 (the "Subpoena") should be quashed, and a protective order precluding the deposition should be issued because: 1) the Subpoena was not served, and a witness fee was not provided as required by Rule 45; 2) the Subpoena does not give reasonable time for compliance and the deposition would subject Comstock to the undue burden of having to prepare for and attend depositions during a time period where Comstock's corporate designee is travelling and unavailable; and 3) Plaintiff's Motion for Leave to Take the Deposition of Comstock was already denied due to Plaintiff's attempt to depose Comstock after the close of discovery.

**FACTUAL AND PROCEDURAL BACKGROUND**

GunBroker filed this action on February 10, 2020. [Doc. 1]. On March 16, 2020, GunBroker served its Initial Disclosures, identifying Comstock as a third party that may have

discoverable information. [Doc. 13]. Oral discovery closed in this case on February 4, 2021. [Doc. 66]. In December 2020, GunBroker served a subpoena for documents onto Comstock, and Comstock timely responded by producing documents responsive thereto. *December 2020 Document Subpoena*, attached hereto as **<u>Exhibit A</u>**.

On May 5, 2021, after discovery had already been closed and Motions for Summary Judgment filed in the underlying litigation, GunBroker filed a Motion for Leave to Take the Deposition of Comstock. [Doc. 102]. On June 4, 2021, the Court denied GunBroker's Motion, noting discovery had closed and summary judgment motions were pending. [Doc. 110].

This action is currently set for trial to begin on May 16, 2022. [Doc. 148]. Nonetheless, and despite this Court's prior denial of GunBroker's Motion for Leave to Take the Deposition of Comstock about one (1) year ago, on the evening of May 4, 2022, GunBroker's counsel emailed a deposition subpoena to a representative of Comstock for a deposition to proceed on May 12, 2022 – one business day before trial (the "Subpoena")]. *May 4, 2022 Email Correspondence*, attached hereto as **<u>Exhibit B</u>**. No deposition rider was attached to the Subpoena in the foregoing email correspondence.

It was not until May 9, 2022, when Comstock received a copy of Defendant, Tenor Capital Partners, LLC's Motion to Quash the Subpoena ("Defendant's Motion to Quash"), that Comstock received the Rule 30(b)(6) Rider listing specific "Deposition and Testimony Topics." *Defendant's Motion to Quash* is attached hereto as **<u>Exhibit C</u>** and a copy of the Subpoena, including the Rule 30(b)(6) Deposition Rider is attached thereto as Exhibit 2.

The Rule 30(b)(6) Deposition Rider covers a five (5) year time period and includes the following "Deposition and Testimony Topics:"

> 1. Comstock's engagement by the trustee for the GB Investments, Inc. Employee Stock Ownership Plan in March 2019.

    2. Comstock's calculation of an Enterprise Valuation Range for GB Investments, Inc.

    3. Comstock's calculation of a range of possible equity values for GB Investments, Inc.

    4. Any formal opinion letter(s) issued by Comstock regarding GB Investments, Inc.

    5. Comstock's business relationship with Tenor Capital from 2015 to the present.

Ex. 2 to Ex. C.

## ARGUMENT

Federal Rule of Civil Procedure 45(b)(1) provides that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." Rule 45(c)(3)(A) provides in pertinent part:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
>
> (i) fails to allow reasonable time for compliance;
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person ....;
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

Furthermore, it is well settled that district courts have broad authority for "good cause shown" to grant and fashion "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "[A] district court can exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999).

3

Among other things, the Court may order: (1) that the disclosure or discovery not be had; or (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place. Fed. R. Civ. P. 26(c)(1) & (2).

As set forth below, the Subpoena should be quashed and a protective order should issue because the Subpoena was not properly served; reasonable notice was not given, causing undue burden onto Comstock to require preparation for a 30(b)(6) deposition in such a short time; and the Court overseeing the litigation already denied Plaintiff's request to take Comstock's deposition.

**1. Comstock Was Not Properly Served.**

It is well-settled that in order to be validly served, a subpoena must be hand-delivered to the deponent along with one day's attendance fees and any required mileage. Fed. R. Civ. P. 45(b); *see also In re: Nathurst, III*, 183 B.R. 953, 955 (Bankr. M.D. Fla. 1995) ("Fed. R. Civ. P. 45(b) … expressly requires that the subpoena shall be served by delivering a copy to the person to be served and by tendering to the person the fees for one day's attendance and the mileage allowed by law.") *See Terre Haute Warehousing Serv., Inc. v. Grinnell Fire Protection Sys. Co.*, 193 F.R.D. 561, 563 (S.D. Ind. 1999) (service of subpoena by certified mail insufficient).

Here, Plaintiff did not hand deliver the Subpoena to Comstock. Instead, Plaintiff sent an email containing an incomplete copy of the Subpoena (without the Rule 30(b)(6) Rider) and it was unaccompanied by the required witness fee. Ex. B. Accordingly, the Subpoena must be quashed.

**2. Even Assuming Comstock Was Properly Served, the Subpoena Is Unduly Burdensome and Does Not Provide Reasonable Time for Compliance with Rule 30(b)(6).**

Rule 45(c)(3)(A)(i) provides that a subpoena should be quashed if it "fails to allow reasonable time for compliance" or subjects any party to an "undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i)(iv). Under Rule 26(c), a protective order may be entered "to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense." Additionally, a party who serves a deposition notice "must give reasonable written notice" and an opportunity to prepare for the deposition. Fed. R. Civ. P. 30(b)(1). What is reasonable depends on the unique circumstances of the case. 8A Charles Allen Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 2106 (2d ed.) ("Obviously no fixed rule can be laid down because much will depend on the other circumstances of the particular case.").

The need for adequate time to prepare for a deposition is even greater when the deposition is of a corporation, because the corporation has the affirmative duty to identify, educate, and prepare one or more witnesses who can testify as to the noticed topics. *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf.'"); *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("'[T]he duty to present and **prepare** a Rule **30(b)(6)** designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.' The [organization] must prepar**e** the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.")) This, of course, requires significant time and expense.

Four business days (from the date Comstock received a copy of the "Deposition Topics" for the first time) is a presumptively unreasonable amount of time for Comstock to identify and prepare a witness (or witnesses) to testify on its behalf. *Bergeron v. Great West Cas. Co.*, 2015 WL 5307685, *3 (E.D. La. 2015) (**"It is settled that any timeframe less than 14 days is likely unreasonable**.") (emphasis added); *U.S. v. Woods*, 931 F.Supp. 433, 442 n. 3 (E.D.Va.1996) (obtaining subpoenas seven days before the hearing did not allow a reasonable enough time to

5

comply); *In Re: Stratosphere Corporation Securities Litigation*, 183 F.R.D. 684, 687 (D.Nev.1999) (six days' notice not reasonable); *In Re: Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D.Ill.2005) (10 days unreasonable in a complex case).

What is more, the witness that Comstock expects it would identify and prepare to testify on behalf of Comstock has been travelling and is unavailable to prepare during the instant week and will be travelling for business and unavailable on May 13, 2022 (the unilateral date set by Plaintiff).

Given the above, this Court should quash the Subpoena and a protective order should be entered.

3. **The Issuing Court Already Denied Plaintiff's Attempt to Depose Comstock After the Close of Discovery.**

As set forth above and in Defendant's Motion to Quash, which Comstock incorporates herein, the Honorable Judge Thomas W. Thrash, Jr. overseeing the underlying action denied Plaintiff's Motion to Take the Deposition of Comstock in June 2021. Ex. C. Plaintiff should not be permitted to relitigate this issue one year later through a Rule 30(b)(6) deposition that was not properly served. *Id.*

## CONCLUSION

For the reasons set forth herein and as set forth in Defendant's Motion to Quash (attached hereto as ***Exhibit C***), the Subpoena should be quashed and a protective order preventing Plaintiff from deposing Third Party, Comstock Valuation Advisors, Inc. should be entered.

6

Dated: May 11, 2022                                Respectfully submitted,

                                                           **COMSTOCK VALUATION ADVISORS, INC.**

                                      By:     */s/ Erin M. Mayer*
                                                                One of Its Attorneys

Jason B. Hirsh (ARDC: 6283094)
Erin M. Mayer (ARDC: 6313447)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
(312) 346-8380
jhirsh@lplegal.com
emayer@lplegal.com

## **CERTIFICATE OF SERVICE**

I, Erin M. Mayer, an attorney, hereby certify that on May 11, 2022, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF filing system and served via electronic mail on the parties listed below.

> John H. Goselin II
> Litchfield Cavo LLP
> goselin@litchfieldcavo.com
>
> Jeffrey P. Lutz
> Culhane Meadows PLLC
> jlutz@cm.law

>>> */s/ Erin M. Mayer*